12 CV 4480

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KRISTEN DAWSON

                Plaintiff,              12 Civ.

      -against-              COMPLAINT

CITY OF NEW YORK, LT. THOMAS SHEA
and JOHN DOE and RICHARD ROE(names and
number of whom are unknown at present) and other
unidentified members of the New York City    JURY DEMAND
Police Department

                Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional rights when the individual defendants while acting in concert unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5.  Plaintiff Kristen Dawson is a resident of the County of Bronx, State of New York. Mr. Dawson is a citizen of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York.

6.  Lieutenant Thomas Shea and police officers John Doe and Richard Roe are and were at all times relevant herein officers, employees and agents of the New York City Police Department. The police officer defendants are being sued in their individual and official capacities.

7.  At all times relevant herein, the individual defendants either acting alone or acting in concert or conspiring with each other were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as

officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACT

9. On November 22, 2009, plaintiff was stopped and surrounded by defendant Lieutenant Thomas Shea and other unidentified New York City police officers as he walked up to his house.

10. During this stop Defendant Shea questioned plaintiff about an incident involving plaintiff's step brother Jason Allende.

11. Defendant Shea accused plaintiff of being with Jason Allende in a car and then fleeing from the car and firing a gun at Defendant Shea.

12. Plaintiff was cooperative with the police officers and he denied that he was the person in the car who fled and fired a gun.

13. Approximately two weeks later on December 10, 2009, plaintiff was at his grandmother's house when Defendant Shea and other unidentified police officers knocked on the door.

14. Defendant Shea and the unidentified police officers informed plaintiff and the other occupants of the apartment that they had an arrest warrant for Jason Allende.

15. While inside the apartment Defendant Shea not only spoke with plaintiff and requested his identification, he also wrote plaintiff's pedigree information down.

16. During this encounter plaintiff recorded his conversation with Defendant Shea on his phone.

17. Five days later on December 15, 2009, plaintiff along with his mother and other family members were at the home of Jason Allende to help him move.

18. While plaintiff was in the apartment, Defendant Shea and other unidentified members of the New York City police department arrived to execute a search warrant where Jason Allende was the target of the warrant involving forged documents.

19. Although no forged documents were found everyone in the apartment was arrested and charged with possession of a single ammunition clip that was found inside and at the bottom of a military duffel bag stored in a closet.

20. Plaintiff was also charged with attempted murder of a police officer.

21. On this date Defendant Shea identified plaintiff as the person who had fled the car and fired a weapon three weeks earlier even though he had several contacts with plaintiff since that incident.

22. The charges against plaintiff were completely without merit and based on false and malicious allegations by Defendant Shea.

23. Defendant Shea reported information that he knew to be false to the Bronx County District Attorney's Office in an attempt to implicate an innocent person for a serious offense.

24. As a result Defendant Shea's false accusation, plaintiff Kristen Dawson was held in jail on $100,000 bail and he spent seven days in jail until his family was able to bail him out.

25. On May 2, 2010, after several appearances in court all charges against plaintiff were dismissed.

26. As a direct and proximate result of the acts of defendants, plaintiffs suffered violation of civil rights, embarrassment, humiliation, loss of liberty, loss of income, psychological injury, pain, suffering, emotional distress and mental anguish.

### FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth at length herein.

28. Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution

29. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

30. The acts and conduct of the defendants constitute malicious prosecution under the Fourth Amendment to the United States Constitution. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

## THIRD CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

31. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 30 with the same force and effect as if more fully set forth at length herein.

32. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants, individuals who were unfit for the performance of police duties on December 15, 2009, at the aforementioned location.

## JURY DEMAND

33. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

1. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:   June 8, 2012
         New York, New York

_____
EARL S. WARD, ESQ. (EW 2875)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5070
eward@ecbalaw.com


ROBERT WALTERS, ESQ. (RW 4742)
1825 Park Avenue, Suite 1102
New York, NY 10035
(212)860-2680
bob@bobwalterslaw.com